UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY
Plaintiff

v.  Civil Action No. 3:07-cv-00197
Judge Wiseman

AN EASEMENT AND RIGHT-OF-WAY
OVER 6.42 ACRES OF LAND, MORE OR
LESS IN MONTGOMERY COUNTY,
TENNESSEE, and
JOHNSON PROPERTIES, L.P.
Defendants

## JUDGMENT AND ORDER DISBURSING FUNDS

This action came on to be considered, and it appears to the Court that (1) the Commission appointed herein awarded $371,000 as just compensation for the taking of the easement and right-of-way herein condemned, to which award no objections have been filed within the time provided by law; (2) Plaintiff has deposited in the registry of this Court in this action the sum of $386,106.85, including interest provided by law, the disbursement of which is provided for in paragraph 2 below.

It is, therefore, Ordered and Adjudged that:

1. The Defendant shall recover from Plaintiff $371,000 as just compensation for the taking of the easement and right-of-way herein condemned.

2. The Clerk of this Court is authorized and directed to (1) close out the interest-bearing account with Bank of America in Nashville, Tennessee, that was created pursuant to the Investment Order entered herein, (2) deposit the sum received from the account into the

registry of this Court, and (3) draw a check on the funds on deposit in the registry of this Court in the principal amount of $386,106.85 plus all interest earned on the interest-bearing account referred to above less the Clerk's registry fee of 10 percent of said interest payable to Bateman & Bateman, P.C., Trust Account marked "re Johnson Properties, L.P.," in full satisfaction of this Judgment and Order Disbursing Funds (Judgment), and (4) mail said check to Robert Thomas Bateman, Esq., Bateman, Bateman & Darnell, P.C., P.O. Box 1008, Clarksville, Tennessee 37041-1008.

3. The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Declaration of Taking filed herein (DN 2), is hereby fully and finally confirmed with respect to the easement and right-of-way described below (said description being the same as Exhibit A to the Declaration of Taking):

> A permanent easement and right-of-way, consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol lines of transmission line structures with sufficient wires and cables for electric power circuits and communication circuits, and all necessary appurtenances, in, on, over, and across said right-of-way, together with the right to clear said right-of-way and keep the same clear of all trees, brush, buildings, signboards, billboards, stored personal property, and fire hazards, to destroy or otherwise dispose of such trees and brush, to prevent the drilling or sinking of wells within said right-of-way, and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within ten feet of any transmission line structure or conductor located thereon, the plaintiff to remain liable for any direct physical damage to the land, annual crops, fences, and roads resulting directly from the operations of the construction and maintenance forces of plaintiff in and about the erection and maintenance thereof, all upon, under, over, and across the following-described land:
>
> TRACT NO. CMT-208
>
> A parcel of land located in the Sixth Civil District of Montgomery County, State of Tennessee, as shown on a map entitled "Cumberland-Montgomery Transmission Line," drawing LW-8429, sheet P9, R.1, the portion of said map which shows said parcel of land being attached to the Declaration of Taking filed herein, the said parcel being more particularly described as follows:

Commencing at a point which is a common corner in the lands of Jack H. Dowlen, Jr., et al., Dana E. Mahoney, and Montgomery County, Tennessee (Dunlop Road), the said point being on the north right-of-way line of the said road; thence leaving the said common corner and with the said road right-of-way line and the south property line of Jack H. Dowlen, Jr., et al., S. 85° 00' 03" W., 116 feet to a point on the centerline of the transmission line location at survey station 1969+39.99; thence leaving the said road right-of-way line and the said property line and with the centerline of the location N. 19° 57' 23" W., 298.31 feet to a point on a fence line and the property line between Johnson Properties, L.P., and Jack H. Dowlen, Jr., et al., at survey station 1972+38.3, the said point being the POINT OF BEGINNING.

Thence leaving the point of beginning and the centerline of the location and with the said fence line and the said property line S. 85° 00' 42" W., 90.57 feet to a point on the southwest right-of-way line of the location; thence leaving the said fence line and the said property line and with the said southwest right-of-way line of the location N. 19° 57' 23" W., 2,503.10 feet to a point on a fence line and the property line between Johnson Properties, L.P., and William Kenneth Bryant, the said point being S. 81° 00' 25" E., 564.01 feet from a point which is a common corner in the lands of Johnson Properties, L.P., William Kenneth Bryant, and others; thence leaving the said southwest right-of-way line of the location and with the said fence line and the said property line S. 81° 00' 25" E., 128.56 feet, crossing the centerline of the location at survey station 1997+16.4 (99.99 feet), to a point on the northeast right-of-way line of the location; thence leaving the said fence line and the said property line and with the said northeast right-of-way line of the location S. 19° 57' 23" E., 2,470.95 feet to a point on an aforementioned fence line and property line between Johnson Properties, L.P., and Jack H. Dowlen, Jr., et al.; thence leaving the said northeast right-of-way line of the location and with the said fence line and the said property line S. 85° 00' 42" W., 25.88 feet to the point of beginning and containing 6.42 acres, more or less.

Recording Information: Record landowner as of the date of the filing of the Declaration of Taking — Johnson Properties, L.P. (see Volumes 646 and 844, pages 1808 and 333, respectively).

Tax map 40, parcel 5

4. The Clerk of this Court shall furnish to Plaintiff a certified copy of this Judgment which shall serve as a muniment of title.

It is so ORDERED.

_____
United States District Judge